**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**


*In re* **G.P. and E.P.**

**No. 22-591** (Roane County 21-JA-62 and 21-JA-63)

**and**

*In re* **G.P. and E.P.**

**No. 22-730** (Roane County 21-JA-62 and 21-JA-63)


## MEMORANDUM DECISION


Petitioner Mother A.P. and Petitioner Father R.P.[1] appeal the Circuit Court of Roane County's June 1, 2022, and August 15, 2022, orders terminating their parental rights to G.P. and E.P.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's orders is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

The proceedings were initiated in December 2021, when the DHHR filed a petition alleging that the mother neglected the children's education. At the outset of the proceedings,

---

[1]Petitioner Mother appears by counsel Rebecca Stollar Johnson. Petitioner Father appears by counsel Michael A. Hicks. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Katica Ribel. Counsel Ryan M. Ruth appears as the children's current guardian ad litem. The Court, upon its own motion, has consolidated these matters for resolution.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

1

E.G.[3] was appointed to serve as the children's guardian ad litem. Later, the DHHR amended the petition in January 2022 to include the father and additional allegations against the mother. Chief among these allegations were that the mother tested positive for methamphetamine and tetrahydrocannabinol and exposed the children to the father, who was barred from any contact with the children other than supervised visitation by a prior court order. That same month, the mother stipulated to several of the allegations in the petitions and was adjudicated as an abusing parent. The father stipulated in April 2022, and he was also adjudicated as an abusing parent.

In May 2022, the court held a hearing that resulted in the termination of the mother's parental rights, although it continued the dispositional hearing for the father until June 2022. Of particular note to the resolution of this appeal, during the June 2022 hearing, the prior guardian ad litem presented testimony from K.M., a service provider who served as the children's counselor. Ultimately, the court terminated the father's parental rights. Petitioners both appealed from their respective dispositional orders.

Although unclear from the record exactly when this occurred, sometime after disposition the children were removed from their foster home and placed in the home of K.M., their counselor. This placement appears to have been short-lived, however, as a DHHR "Permanent Placement Review Report" from November 2022 indicated that K.M. requested removal of both children because of concern over the safety of grandchildren who visited the home. According to this report, the parties held a multidisciplinary team ("MDT") meeting on November 18, 2022, during which E.G., still serving in her role as the children's guardian ad litem, requested placement of the children in her own home because "she feels a pull to the girls and would like to foster their relationship." At the time E.G. made this request, both appeals were pending before this Court. Critically, E.G. filed her response brief in the father's appeal on November 21, 2022—three days *after* she requested placement of the children. E.G.'s response in the father's appeal makes no mention of the fact that the children were either removed or about to be removed from their prior foster home, or that she was being considered as a placement for the children.

On December 7, 2022, Ryan M. Ruth filed a notice of appearance with this Court in which he indicated that he had been appointed to replace E.G. as guardian ad litem for the children at a hearing on November 28, 2022, during which E.G. moved to withdraw from her representation as the children's guardian. In his notice of appearance, Mr. Ruth also explained that the DHHR intended to place the children with E.G. This Court subsequently entered an order directing Mr. Ruth to file an amended guardian's brief. In the amended guardian's brief, Mr. Ruth indicated that the children were placed with E.G. for a time, but have now been moved out of E.G.'s home "due to safety concerns and the realization that E.G. would not be able to provide the minor children with the assistance they require." According to Mr. Ruth, the children are currently in a placement where adoption is the permanency plan.

---

[3]Because of the particular facts of this case, it is necessary to refer to the children's prior guardian ad litem by her initials in order to protect the children's identities. *See* W. Va. R. App. P. 40(e).

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Before this Court, petitioners raise assignments of error specific to the DHHR's provision of services and otherwise generally challenge the terminations of their parental rights. In her reply brief, the mother asserted that E.G.'s recent attempt to gain custody of the children for herself made "her recommendations [as guardian ad litem] suspect throughout the pendency of the case and she is not impartial." Upon our review, we find that it is unnecessary to address the parties' specific assignments of error as set forth in their petitions for appeal because we conclude that vacation of the dispositional orders is warranted in light of the appearance of impartiality that has plagued the proceedings below.

This Court is troubled by E.G.'s failure to disclose her conflict of interest when filing the response brief in the father's appeal. As set forth in Appendix A, Section B.3.c to the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings, "[a] conflict of interest arises when a GAL subsequently represents a child's parent, relative, caregiver, *foster parent*, or pre-adoptive parent in another matter. In such instance, a GAL should not engage in a subsequent representation that compromises the GAL's ability to independently consider the best interests of the child." (Emphasis added). If a conflict of interest arises when a guardian subsequently represents a child's foster parent, certainly a conflict exists when a guardian attempts to *become* a child's foster parent.

A guardian cannot engage in representation that compromises the ability to *independently* consider the child's best interests. *Id.* Here, E.G.'s ability to independently consider the children's best interest was potentially compromised when she sought to obtain custody of them, as she clearly sought to act in her own best interest as well. It is impossible to know how early E.G. first considered becoming the children's foster mother, or, in her own words, when she first felt "a pull to the girls." Therefore, her conduct in insinuating herself *personally* into the proceedings calls into question the impartiality of her representation throughout the entirety of the case.

"During the proceedings, in an abuse and neglect case, a guardian ad litem is charged with the duty to faithfully represent the interests of the child and effectively advocate on the child's behalf." *In re Elizabeth A.*, 217 W. Va. 197, 204, 617 S.E.2d 547, 554 (2005). Because E.G. also acted in her own self-interest while serving in her capacity as the children's guardian ad litem, we find it necessary to vacate the termination of petitioners' parental rights. Additionally, because we cannot be sure at what point E.G. began acting in her own self-interest, and in an effort to ensure petitioners receive the necessary due process protections, we must direct that the court begin this case anew, starting with a properly noticed preliminary hearing and proceeding in accordance with the applicable rules and statutes.

We must stress, however, that nothing in this opinion should be construed as requiring the disruption of the children's current placement, provided that the DHHR is able to satisfy the necessary evidentiary thresholds to support the children's removal and continued placement outside petitioners' custody. We must also stress that if the DHHR wishes for the court to consider testimony from K.M., the children's prior counselor and foster mother, petitioners must

be provided the opportunity to question her as to any potential biases or conflicts arising in her capacity as the children's counselor, given her temporary status as their foster mother.

For the foregoing reasons, we vacate the circuit court's June 1, 2022, and August 15, 2022, orders terminating petitioners' parental rights, in addition to any other orders, in part, insofar as the other orders include any ruling concerning petitioner, and remand the matter with instructions for the court to hold a properly noticed preliminary hearing and for further proceedings consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and Remanded, with directions.

**ISSUED**: June 13, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

4